## CHRISTIAN v. CHRISTIAN et al.

Under the uncontradicted evidence in this case, it was error to grant an interlocutory injunction.

(a) The evidence showed no trust for the benefit of the plaintiffs in the land involved in the controversy.

OCTOBER 13, 1915.

Injunction. Before Judge Thomas. Brooks superior court. February 24, 1915.

*J. J. Bull & Son,* for plaintiff in error.

*Bennet & Harrell,* contra.

LUMPKIN, J. In 1890 Mrs. Mary S. Christian executed a deed to her children (including sons and daughters) to certain land, which provided that the possession and the issues and profits of the land should remain in her during her natural life, and that from thence they should remain in her unmarried daughters, the right of partition not to exist so long as any of her daughters should remain single, "to have and to hold the said bargained premises to the said parties of the second part, their heirs and assigns, forever in fee simple." In 1895 the plaintiffs and two of their sisters conveyed to Frank G. Christian, one of their brothers, their undivided interests. This conveyance recited that it was made in consideration of the sum of fifty dollars "and our future maintenance and protection." In 1900 Frank G. Christian conveyed the land to J. T. King. The contention of the plaintiffs was, that Frank G. Christian agreed with his brother, George R. Christian, that the latter should receive the purchase-money from King and should take the place of the former and support his sisters, the plaintiffs; that King paid most of the purchase-money directly to George R. Christian, paying some of it to Frank G. Christian, who stated that he paid it to George R.; that George R. Christian invested this money in a lot in Brooks county, which was later sold, and the proceeds reinvested; and that he was seeking to sell his property and move to Meriwether county. In their petition they alleged an agreement between themselves and George R. Christian in regard to the investment in the first lot in Brooks county; but there was no evidence to support this allegation. There was also an allegation of danger of loss, though not of positive insolvency; but the defendant testified without conflict that he was worth from twenty to thirty thousand dollars. He denied the substantial alle-

gations by the plaintiffs. He also pleaded that he was not a resident of Brooks county, where the suit was brought, when it was begun, but had removed to Meriwether county. On the subject of the residence of the defendant there was some conflict, and as to that question we can not say that the presiding judge abused his discretion. But on the merits of the suit, taking the evidence on behalf of the plaintiffs to be correct, they made out no case for injunction. They contend that there was a trust in their favor in the money which was paid to George R. Christian. But their evidence fails to show any trust. It shows merely a contract between Frank G. Christian and George R. Christian, by which, in consideration of the purchase-price of the lot sold by the former to King, George R. Christian agreed with his brother to support his sisters. They were not shown to be parties to this agreement, or to have any interest in the money. It was simply a contract between two brothers by which one agreed in effect to pay the other certain money, and the latter agreed to support their sisters. If there was such a contract and a breach of it, this created no trust in favor of the sisters, either in the money or in the land in which it was invested. Aside from any question of jurisdiction, of solvency, or of other facts as to which there was conflict in the evidence, taking the evidence on behalf of the plaintiffs as true, they showed no trust, express or implied, in the land which had been bought by George R. Christian; and having shown no trust, they are entitled to no injunction.

*Judgment reversed. All the Justices concur.*